### FISHER v. SANDS. (No. 6188.)

(Court of Civil Appeals of Texas. San Antonio. April 2, 1919.)

1. APPEAL AND ERROR ⬳733—ASSIGNMENTS OF ERROR—GENERALITY.

Assignments of error that "the court erred in rendering judgment because the evidence is insufficient to support same," or "because there was no evidence introduced in the trial to support the judgment," are too general and indefinite for consideration.

2. APPEAL AND ERROR ⬳878(3)—EXCLUSION OF EVIDENCE.

Although in suit on covenant of warranty defendant filed cross-action against his grantor, he could not, on appeal, complain of exclusion of the original warranty deed from his grantor to him, since such deed could not affect his rights in the main suit.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by J. P. Sands against H. G. Fisher, with cross-action by defendant against D. W. Kinney. From judgment for plaintiff, defendant appeals. Affirmed.

W. C. Jones, of Robstown, for appellant.
Jas. H. Anderson and E. B. Ward, both of Corpus Christi, for appellee.

FLY, C. J. This is an action by appellee for $885.60, claimed to have been expended by him to pay off and discharge a certain lien on land conveyed, with covenants of warranty, to him by appellant. The cause was heard, without a jury, and judgment rendered in favor of appellee for $1,003.65, principal and interest. Appellant filed a cross-action against D. W. Kinney, his grantor, but judgment was rendered in favor of Kinney.

The evidence showed that appellee paid $885.60 to the Driscoll estate to satisfy and discharge a vendor's lien on the east half of farm lot 54, out of the Driscoll pastures which had been sold by Driscoll to Geo. H. Paul and by mesne conveyances to appellant, who warranted the title to appellee.

[1] The first and second assignments of error are grouped, and are as follows:

First. "The court erred in rendering judgment herein, because the evidence is insufficient to support same." Second. "The court erred in rendering judgment against the defendant, H. G. Fisher, because there was no evidence introduced on the trial of the cause to support the judgment of the court."

The assignments of error are too general and indefinite for consideration, but we have examined the statement of facts, and find the evidence sufficient to sustain the conclusions of fact of the trial judge, to which no objection was urged in the lower court, nor is any urged here. The testimony of Sands, which was uncontradicted, showed that he paid $885.60 to the Driscoll estate to satisfy a vendor's lien on the land, the title to which was warranted by appellant to appellee. Appellee had been sued by Driscoll.

[2] The third assignment of error complains of the exclusion of "the original warranty deed from the defendant, D. W. Kinney, to the defendant, H. G. Fisher." This was a matter of no interest to appellee, and could in no wise affect his suit; and, as there is no complaint against the judgment in favor of Kinney, the question is merely an abstraction. The bill of exceptions fails to show what land, if any, was conveyed by the deed offered in evidence, nor what bearing it could possibly have on the issues in this case.

The trial judge filed his conclusions of fact and law, and no objection has been made to them in this or the lower court. They are sustained by the evidence.

The judgment is affirmed.